**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KIMBERLIN LOPEZ
c/o 519 H Street NW
Washington, DC 20001

IRMA FUENTES
c/o 519 H Street NW
Washington, DC 20001

ANDREA LOPEZ
c/o 519 H Street NW
Washington, DC 20001

       Plaintiffs,

v.

QMI FOOD, INC.
d/b/a SHARKS FISH & CHICKEN
4049 Minnesota Avenue NE
Washington, DC 20019

QSI, INC.
d/b/a SHARKS FISH & CHICKEN
1823 West Virginia Avenue NE
Washington, DC 20002

MMI FOOD, INC.
d/b/a SHARKS FISH & CHICKEN
5748 Silver Hill Road, Suite 32
District Heights, MD 20747

MOHAMMED A. QUAYUM
1112 S Thomas Street, Apt. 1
Arlington, VA 22204

TOJA M. ISLAM
6444 8th Street
Alexandria, VA 22312

MOHAMMED JAHANGIR
5401 Blacksburg Road
Springfield, VA 22151

Civil Action No. _____

**COMPLAINT**

SUFIA JAHANGIR
5401 Blacksburg Road
Springfield, VA 22151

      Defendants.

# COMPLAINT

1.     While Plaintiffs worked at Defendants' seafood chain restaurants as cashiers and kitchen laborers, Defendants did not pay Plaintiffs overtime wages. Moreover, Defendants paid the Plaintiffs who worked in the District of Columbia an hourly rate lower than the applicable minimum wage. Lastly, Defendants did not pay Plaintiff Fuentes for her last week of work.

2.     Plaintiffs bring this action against QMI Food, Inc.; QSI, Inc.; MMI Food, Inc.; Mohammed A. Quayum; Toja M. Islam; Mohammed Jahangir; and Sufia Jahangir ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**Parties**

5.      Plaintiff Kimberlin Lopez is an adult resident of Prince George's County, Maryland.

6.      Plaintiff Irma Fuentes is an adult resident of Prince George's County, Maryland.

7.      Plaintiff Andrea Lopez is an adult resident of Prince George's County, Maryland.

8.      Defendant QMI Food, Inc. is a District of Columbia corporation. It does business as Sharks Fish & Chicken. Its principal place of business is located at 4049 Minnesota Avenue NE, Washington, DC 20019. Its registered agent for service of process is Ace Corporate Services, Inc., 250 11th Street NE, Washington, DC 20002.

9.      Defendant QSI, Inc. is a District of Columbia corporation. It does business as Sharks Fish & Chicken. Its principal place of business is located at 1823 West Virginia Avenue NE, Washington, DC 20002. Its registered agent for service of process is Ace Corporate Services, Inc., 250 11th Street NE, Washington, DC 20002.

10.     Defendant MMI Food, Inc. is a Maryland corporation. It does business as Sharks Fish & Chicken. Its principal place of business is located at 5748 Silver Hill Road, Suite 32, District Heights, MD 20747. Its registered agent for service of process is Mohammed A. Quayum, 2900 Parkland Drive, District Heights, MD 20747.

11.     Defendant Mohammed A. Quayum is an adult resident of Virginia. He resides at 1112 S Thomas Street, Apt. 1, Arlington, VA 22204. He is an owner and officer of Defendants QMI Food, Inc., QSI, Inc. and MMI Food, Inc. He exercises control over the operations of QMI Food, Inc., QSI, Inc., and MMI Food, Inc. — including their pay practices.

12.     Defendant Toja M. Islam is an adult resident of Virginia. He resides at 6444 8th Street Alexandria, VA 22312. He is an owner and officer of Defendants QMI Food, Inc., QSI, Inc., and MMI Food, Inc. He exercises control over the operations of QMI Food, Inc., QSI, Inc., and MMI Food, Inc. — including their pay practices.

13.     Defendant Mohammed Jahangir is an adult resident of Virginia. He resides at 5401 Blacksburg Road, Springfield, VA 22151. He is an owner and officer of Defendants QMI Food, Inc., QSI, Inc., and MMI Food, Inc. He exercises control over the operations of QMI Food, Inc., QSI, Inc., and MMI Food, Inc. — including their pay practices.

14.     Defendant Sufia Jahangir is an adult resident of Virginia. She resides at 5401 Blacksburg Road, Springfield, VA 22151. She is an owner and officer of Defendants QMI Food, Inc., QSI, Inc., and MMI Food, Inc. She exercises control over the operations of QMI Food, Inc., QSI, Inc., and MMI Food, Inc. — including their pay practices.

15.     Defendants Mohammed Jahangir and Sufia Jahangir are married.

### Factual Allegations Specific to Plaintiff Kimberlin Lopez

16.     Plaintiff Kimberlin Lopez worked for Sharks Fish & Chicken from approximately May 1, 2020 through approximately September 24, 2021 — with a leave of absence from approximately December 26, 2020 through approximately January 5, 2021.

17.     At all relevant times, Plaintiff Kimberlin Lopez primarily worked at the Sharks Fish & Chicken located at 5744 Silver Hill Road, District Heights, MD 20747.

18.     At all relevant times, Plaintiff Kimberlin Lopez worked at Sharks Fish & Chicken as a kitchen laborer and cashier.

19.     At all relevant times, Plaintiff Kimberlin Lopez's job duties at Sharks Fish & Chicken primarily consisted of preparing and cooking food, washing dishes, working the cash register, opening and closing the restaurant, and cleaning the kitchen at the end of her shift.

20.     Plaintiff Kimberlin Lopez typically and customarily worked six days per week.

21.     Plaintiff Kimberlin Lopez typically and customarily worked Mondays through Saturdays.

22.     Plaintiff Kimberlin Lopez typically and customarily worked seventy-four hours per week.

23.     Plaintiff Kimberlin Lopez typically and customarily started every workday at 11:00 a.m.

24.     On Mondays through Thursdays, Plaintiff Kimberlin Lopez typically and customarily ended her workdays at approximately 11:00 p.m.

25.     On Fridays and Saturdays, Plaintiff Kimberlin Lopez typically and customarily ended her workdays at approximately 12:15 a.m.

26.     At all relevant times, Defendants paid Plaintiff Kimberlin Lopez by the hour.

27.     Defendants paid Plaintiff Kimberlin Lopez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| May 01, 2020–Jun. 30, 2021 | $13.00 |
| Jul. 01, 2021–Sep. 24, 2021 | $14.00 |

28.     At all relevant times, Defendants paid Plaintiff Kimberlin Lopez in cash.

29.     Plaintiff Kimberlin Lopez typically and customarily worked more than forty hours per workweek at Sharks Fish and Chicken.

30.     At all relevant times, Defendants paid Plaintiff Kimberlin Lopez the same regular hourly rate across all hours worked.

31.     At all relevant times, Defendants did not pay Plaintiff Kimberlin Lopez overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a work-week.

32.     Defendant MMI Food, Inc. and its owners — Defendants Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir — owe Plaintiff Kimberlin Lopez approximately $15,912.00 in overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Fuentes**

33.     Plaintiff Fuentes worked for Sharks Fish & Chicken from approximately July 1, 2019 through approximately June 26, 2021 — with a leave of absence from approximately July 1, 2020 through approximately July 31, 2020.

34.     At all relevant times, Plaintiff Fuentes worked primarily at the Sharks Fish & Chicken located at 4049 Minnesota Avenue NW, Washington, DC 20019.

35.     At all relevant times, Plaintiff Fuentes worked at Sharks Fish & Chicken as a cashier.

36.     At all relevant times, Plaintiff Fuentes' job duties at Sharks Fish & Chicken primarily consisted of taking orders, working the cash register, serving food to clients, cleaning the restrooms, and sweeping.

37.     From approximately July 1, 2019 through approximately December 31, 2020, Plaintiff Fuentes worked five days per week, Mondays through Fridays.

38.     From approximately July 1, 2019 through approximately December 31, 2020, Plaintiff Fuentes typically and customarily worked thirty-five hours per week.

39.     From approximately January 1, 2021 through approximately June 26, 2021, Plaintiff Fuentes worked six days per week, Mondays through Saturdays.

40.     From approximately January 1, 2021 through approximately June 26, 2021, Plaintiff Fuentes typically and customarily worked forty hours per week.

41.     At all relevant times, Plaintiff Fuentes typically and customarily started her workdays at 10:00 a.m.

42.     On Mondays through Fridays, Plaintiff Fuentes typically and customarily ended her workdays at 5:00 p.m.

43.     On Saturdays, Plaintiff Fuentes typically and customarily ended her workdays at 3:00 p.m.

44.     At all relevant times, Defendants paid Plaintiff Fuentes by the hour.

45.     Defendants paid Plaintiff Fuentes approximately the following hourly rates:

| Approximate Dates | Effective Hourly Rate |
|---|---|
| Jul. 01, 2019–Aug. 31, 2019 | $9.00 |
| Sep. 01, 2019–Jun. 30, 2020 | $10.00 |
| *Leave of Absence* | |
| Aug. 01, 2020–Dec. 31, 2020 | $11.00 |
| Jan. 01, 2021–Jun. 26, 2021 | $11.87 |

46.     Prior to her July 2020 leave of absence, Defendants paid Plaintiff Fuentes weekly in cash.

47.     When Plaintiff Fuentes returned on August 1, 2020 from her leave of absence, Defendants started to pay Plaintiff Fuentes biweekly, and they split her biweekly pay between a check and cash.

48.     Starting on August 1, 2020, Defendants paid Plaintiff Fuentes $15.00 per hour, but only for thirty of the seventy hours that she worked in a two-week pay period. These thirty hours were paid by check. The remaining hours were paid in cash and at a lower hourly rate.

49.     From approximately August 1, 2020 through approximately December 31, 2020, Defendants paid Plaintiff Fuentes $8.00 per hour in cash for forty out of the seventy hours that Plaintiff Flores worked every two weeks.

50.     Accordingly, from August 1, 2020 through approximately December 31, 2020, Defendants paid Plaintiff Fuentes an effective hourly rate of $11.00 per hour.

51.     In 2021, when Plaintiff Flores started to work eighty hours every two weeks, Defendants continued to pay Plaintiff Fuentes $15.00 per hour for thirty of her hours. But for the remaining fifty hours, Defendants paid Plaintiff Fuentes $10.00 per hour.

52.     Accordingly, in 2021, Defendants paid Plaintiff Flores an effective hourly rate of $11.87.

53.     Finally, Defendants paid Plaintiff Fuentes nothing for her last week work, or for the forty hours that she worked from approximately June 21–26, 2021.

54.     Defendants did not pay Plaintiff Fuentes the applicable D.C. minimum wage.

55.     The DCMWA required that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through June 30, 2021. D.C. Code § 32-1003(a). The District of Columbia also required employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to wash and maintain a uniform. *See* 7 DCMR § 908.1.

56.     Defendants required Plaintiff Fuentes to wash and maintain a work uniform. As a result, Defendants were required to pay her an additional $0.10 per hour, or $14.10 per hour from July 1, 2019 through June 30, 2020, and $15.10 per hour from July 1, 2020 through June 30, 2021.

57.     Defendants QMI Food, Inc. and its owners — Defendants Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir — owe Plaintiff Fuentes approximately $14,619.50 in minimum wages (excluding liquidated damages).

## Factual Allegations Specific to Plaintiff Andrea Lopez

58.     Plaintiff Andrea Lopez worked for Sharks Fish & Chicken from approximately March 2016 through approximately September 24, 2021.

59.     Plaintiff Andrea Lopez primarily worked at the Sharks Fish & Chicken located at 4049 Minnesota Ave NE, Washington, DC 20019.

60.     Plaintiff Andrea Lopez also worked at the Sharks Fish & Chicken restaurants located at 1823 West Virginia Avenue NE, Washington, DC 20002, 5748 Silver Hill Road, District Heights, MD 20747 and 9900 Greenbelt Road, Lanham, MD 20706.

61.     From approximately July 2018 through approximately November 30, 2019, Plaintiff Andrea Lopez worked three days per week at 4049 Minnesota Avenue NE and three days per week at 1823 West Virginia Avenue NE.

62.    While Plaintiff Andrea Lopez worked at the Minnesota Avenue location, Defendants occasionally sent her to assist at the 5748 Silver Hill Road, District Heights, MD 20747 and 9900 Greenbelt Road, Lanham, MD 20706 locations.

63.    At all relevant times, Plaintiff Andrea Lopez worked at Sharks Fish & Chicken as a kitchen laborer.

64.    At all relevant times, Plaintiff Andrea Lopez's job duties at Sharks Fish & Chicken primarily consisted of preparing and cooking food, washing dishes, and cleaning the kitchen at the end of each shift.

65.    At all relevant times, Plaintiff Andrea Lopez typically and customarily worked six days per week.

66.    From approximately November 12, 2018 through approximately November 30, 2019, Plaintiff Andrea Lopez typically and customarily worked sixty hours per week.

67.    From approximately December 1, 2019 through approximately August 31, 2021, Plaintiff Andrea Lopez typically and customarily worked fifty-seven hours per week.

68.    From approximately September 1, 2021 through September 24, 2021, Plaintiff Andrea Lopez typically and customarily worked fifty-eight hours per week.

69.    At all relevant times, Defendants paid Plaintiff Andrea Lopez by the hour.

70.    Defendants paid Plaintiff Andrea Lopez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Nov. 12, 2018–Dec. 31, 2018 | $12.50 |
| Jan. 01, 2019–Dec. 31, 2019 | $13.00 |
| Jan. 01, 2020–Dec. 31, 2020 | $13.50 |
| Jan. 01, 2021–Jun. 30, 2021 | $14.00 |
| Jul. 01, 2021–Sep. 24, 2021 | $15.00 |

71.    At all relevant times, Defendants paid Plaintiff Andrea Lopez in cash.

72.     Plaintiff Andrea Lopez typically and customarily worked more than forty hours per work-week for Defendants.

73.     At all relevant times, Defendants paid Plaintiff Andrea Lopez the same regular hourly rate across all hours worked.

74.     At all relevant times, Defendants did not pay Plaintiff Andrea Lopez overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

75.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Andrea Lopez the applicable D.C. minimum wage.

76.     The DCMWA required that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through June 30, 2021. D.C. Code § 32-1003(a). The District of Columbia also required employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to wash and maintain a uniform. *See* 7 DCMR § 908.1.

77.     Defendants required Plaintiff Fuentes to wash and maintain a work uniform. As a result, Defendants were required to pay her an additional $0.10 per hour, or $14.10 per hour from July 1, 2019 through June 30, 2020, and $15.10 per hour from July 1, 2020 through June 30, 2021.

78.     For Plaintiff Andrea Lopez's work in the three years preceding the filing of this Complaint, Defendants QMI Food, Inc., QSI Inc., and their owners — Defendants Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir — owe her approximately $27,082.40 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Common to All Plaintiffs**

79.     Defendants Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Ja-hangir each have an ownership interest in the Sharks Fish and Chicken restaurant chain.

80.     Defendants Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Ja-

hangir have each participated in operating Sharks Fish and Chicken restaurants.

81.     Defendant Mohammed A. Quayum participated in the decision to set the restaurants' hours

of operations.

82.     Defendant Mohammed A. Quayum has participated in decisions to hire employees at

Sharks Fish and Chicken.

83.     Defendant Mohammed A. Quayum has participated in decisions to hire and fire employees

of Sharks Fish and Chicken.

84.     Defendant Mohammed A. Quayum participated in the decision to hire Plaintiffs.

85.     Defendant Mohammed A. Quayum participated in the decision to set Plaintiffs' work

schedules.

86.     Defendant Mohammed A. Quayum participated in the decision to set Plaintiffs' rate and

manner of pay.

87.     Defendant Mohammed A. Quayum participated in supervising Plaintiffs' work.

88.     Defendant Mohammed A. Quayum had the authority to sign checks on behalf of QMI

Food, Inc., QSI, Inc., and MMI Food, Inc.

89.     Defendant Mohammed A. Quayum has signed checks on behalf of QMI Food, Inc., QSI,

Inc., and MMI Food, Inc.

90.     Defendant Toja M. Islam participated in the decision to set the restaurants' hours of oper-

ations.

91.     Defendant Toja M. Islam has participated in decisions to hire and fire employees of Sharks

Fish and Chicken.

92.     Defendant Toja M. Islam has participated in the decision to set employees' rate and manner

of pay.

93.     Defendant Toja M. Islam had the authority to sign checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

94.     Defendant Toja M. Islam has signed checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

95.     Defendant Mohammed Jahangir participated in the decision to set the restaurants' hours of operations.

96.     Defendant Mohammed Jahangir has participated in decisions to hire and fire employees of Sharks Fish and Chicken.

97.     Defendant Mohammed Jahangir has participated in the decision to set employees' rate and manner of pay.

98.     Defendant Mohammed Jahangir had the authority to sign checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

99.     Defendant Mohammed Jahangir has signed checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

100.    Defendant Sufia Jahangir participated in the decision to set the restaurants' hours of operations.

101.    Defendant Sufia Jahangir has participated in decisions to hire and fire employees of Sharks Fish and Chicken.

102.    Defendant Toja M. Islam has participated in the decision to set employees' rate and manner of pay.

103.    Defendant Sufia Jahangir had the authority to sign checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

104.    Defendant Sufia Jahangir has signed checks on behalf of QMI Food, Inc., QSI, Inc., and MMI Food, Inc.

105.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

106.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

107.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

108.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

109.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

110.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

111.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

112.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

113.     At all relevant times, Defendants had employees who handled food products, such as salmon, shrimp, chicken, steak, beverages, and vegetables that had been raised, packaged, or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

114.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

115.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

116.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

117.    The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

118.    The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

119.    Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

120.    Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

121.    Defendants' violations of the FLSA were willful.

122.    For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

123.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

124.    Defendants QMI Food, Inc., QSI, Inc., Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir (collectively, the "District of Columbia Defendants") were each an "employer" of Plaintiffs Irma Fuentes and Andrea Lopez within the meaning of the DCMWA. D.C. Code § 32-1002(3).

125.    The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through the present. D.C. Code § 32-1003(a). The District of Columbia also requires employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to wash and maintain a uniform. *See* 7 DCMR § 908.1.

126.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

127.    The District of Columbia Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiffs Irma Fuentes and Andrea Lopez.

128.    The District of Columbia Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of forty hours in any one workweek.

129.    The District of Columbia Defendants' violations of the DCMWA were willful.

130.    For their violations of the DCMWA, the District of Columbia Defendants are liable to Plaintiffs Irma Fuentes and Andrea Lopez for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

131.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

132.     Defendants QMI Food, Inc., QSI, Inc., Mohammed A. Quayum, Toja M. Islam, Moham-

med Jahangir, and Sufia Jahangir (collectively, the "District of Columbia Defendants") were each

an "employer" of Irma Fuentes and Andrea Lopez within the meaning of the DCWPCL. D.C. Code

§ 32-1301(1B).

133.     The DCWPCL requires employers to pay an employee who is discharged no later than the

working day following the discharge. D.C. Code § 32-1303(1).

134.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due

upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is

earlier. D.C. Code § 32-1303(2).

135.     For purposes of the DCWPCL, "wages" include, among other things, minimum, and over-

time wages. D.C Code § 32-1301(3).

136.     The District of Columbia Defendants violated the DCWPCL by knowingly failing to timely

pay Plaintiffs Irma Fuentes and Andrea Lopez all wages due, including regular, minimum, and

overtime wages.

137.     For their violations of the DCWPCL, the District of Columbia Defendants are liable to

Plaintiffs Irma Fuentes and Andrea Lopez for unpaid wages, an amount equal to three times the

amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court

costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti*

*& Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary,

if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he

liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages in

addition to the actual damages in the form of unpaid wages.").

## COUNT IV

### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

138.    Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

139.    Defendants MMI Food, Inc., Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir (collectively, the "Maryland Defendants") were each an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

140.    The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

141.    The Maryland Defendants violated the MWHL by knowingly failing to pay one or more Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

142.    The Maryland Defendants' violations of the MWHL were willful.

143.    For their violations of the MWHL, the Maryland Defendants are liable to Plaintiff Kimberlin Lopez for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT V

### FAILURE TO PAY WAGES UNDER THE MWPCL

144.    Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

145.    Defendants MMI Food, Inc., Mohammed A. Quayum, Toja M. Islam, Mohammed Jahangir, and Sufia Jahangir (collectively, the "Maryland Defendants") were each an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

146.    The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

147.    The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

148.    The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

149.    The Maryland Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including overtime wages.

150.    The Maryland Defendants' violations of the MWPCL were willful.

151.    For their violations of the MWPCL, the Maryland Defendants are liable to Plaintiff Kimberlin Lopez for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$222,149.60**, and grant the following relief:

    a.    Award Plaintiffs $214,543.60, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii.     unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

iv.     unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

v.     three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $7,204.00);

d.     Award Plaintiffs court costs (currently, $402.00); and

e.     Award any additional relief the Court deems just.


December 1, 2021                              Respectfully submitted,


                                             **DCWAGELAW**

                                             By: /s/ Justin Zelikovitz
                                             JUSTIN ZELIKOVITZ, #986001
                                             519 H Street NW
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com

                                             *Counsel for Plaintiffs*